IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BETTY SMITH, | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION NO. _____ |
| vs. | § | |
| | § | |
| | § | |
| ALLIED INTERSTATE, INC., | § | |
| Defendant | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**COMES NOW** Betty Smith, hereinafter referred to as Plaintiff complaining against Allied Interstate, Inc., hereinafter referred to as Defendant and for cause of action would respectfully show unto the Court as follows:

### NATURE OF THE ACTION AND JURISDICTION

1. This is an action for damages brought by an individual plaintiff for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") the Texas Debt Collection Practices Act, Chapter 392 (hereinafter "TDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff seeks to recover monetary damages for Defendant's violation of the FDCPA and the TDCPA and to have an Order or injunction issued by this Court preventing Defendant from continuing its

behavior in violation of the FDCPA and the TDCPA. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 and venue is proper before this Court as Plaintiff and/or Defendant reside in this District and/or the complained of actions occurred in this District. Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. §1132(e)(2).

2. Plaintiff, Betty Smith, is a natural person residing in Brazoria County. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

3. Defendant, Allied Interstate, Inc. is a corporation engaged in the business of collecting consumer "debts" as defined by 15 U.S.C. §1692(a)(5) by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another, and is therefore a "debt collector" as defined by § 1692(a)(6).

4. The actions of Defendant which are the subject of this complaint were undertaken pursuant to a "debt collection," as defined by Tex Fin Code § 392.001(5), and therefore Defendant is a "debt collector" as defined by Tex Fin Code § 392.001(6).

## FIRST COUNT

5. At various and multiple times prior to the filing of the instant complaint, including within the year preceding the filing of this Complaint, Defendant

contacted Plaintiffs in an attempt to collect an alleged outstanding consumer debt. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

    a) Communicating with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all collection contacts (§ 1692c(c);

    b) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§ 1692d(5); and

    c) Causing Plaintiff's telephone to ring repeatedly using an auto-dialer, and failing to make an employee available to speak to Plaintiff within a reasonable time after Plaintiff picked up the phone (§ 1692d).

6.    As a result of the above violations of the FDCPA, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## SECOND COUNT
## VIOLATION OF THE TEXAS DEBT COLLECTION PRACTICES ACT

7.    Defendant violated the Texas Debt Collection Practices Act in one or more of the following ways:

    a.    Causing Plaintiff's telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with

   the intent to harass Plaintiff in violation of Tex. Fin. Code §392.302(4);

  b. Placing telephone calls without disclosing the name of the individual making the call with the intent to annoy, harass, or threaten Plaintiff in violation of Tex. Fin. Code §392.302(2); and

  c. Was otherwise deceptive and failed to comply with the Fair Debt Collection Practices Act.

8. As a result of Defendant's violations as aforesaid, Plaintiff suffered a substantial disruption in her daily routine thus warranting an award of emotional and/or mental anguish damages.

9. Defendant's aforementioned statutory violations also constitute an invasion of Plaintiff's right to privacy, causing additional injury to Plaintiff's feelings, mental anguish and distress.

10. As a result of the above statutory violations and invasion of privacy, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, exemplary damages, statutory damages, and costs and attorney's fees.

## THIRD COUNT
## COMMON LAW INVASION OF PRIVACY BY INTRUSION

11. Plaintiff reincorporates by reference herein all prior paragraphs above.

12. Defendant's aforementioned violations of the FDCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person. Plaintiff had a subjective expectation of privacy in the context of Defendant's actions that was objectively reasonable under the circumstances.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that Defendant be cited to appear and answer herein and upon final hearing hereof, Plaintiff have judgment of and against Defendant as follows:

(a) a declaratory judgment be entered that Defendant's conduct violated the FDCPA;

(b) an award of actual damages;

(c) an award of statutory damages pursuant to 15 U.S.C. § 1692k;

(d) an award of costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and,

(e) a declaratory judgment be entered that Defendant's conduct violated the TDCPA;

(f) an award of statutory damages pursuant to TDCPA § 392.403(e) in the amount of not less that $100 for each violation of this chapter;

(g) an award of costs and reasonable attorney's fees pursuant to TDCPA § 392.403 (b) and,

(h) an award for all actual damages, exemplary damages, emotional/mental anguish damages and all statutory additional damages, all attorneys fees, costs of court, and pre-judgment and post-judgment interest at the highest lawful rates.

(i) such other and further relief as may be just and proper.

Respectfully submitted,

By: __/s/Susan Landgraf_____
Susan Landgraf
Texas State Bar # 00784702
Attorney in Charge for Plaintiff

WEISBERG & MEYERS, L.L.C.
4510 Bull Creek Road
Austin, TX 78731
Phone: (512) 436-0036 ext. 116
Facsimile: (866) 317-2674

**CERTIFICATE OF SERVICE**

I certify that on November 13, 2008, I electronically filed the foregoing document with the clerk of the U.S. District Court, Southern District of Texas, Galveston Division, using the electronic case filing system of the court.

___/s/Susan Landgraf__
SUSAN A. LANDGRAF